FILED

2017 May-26  PM 01:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CORDELL MOBLEY** | ) | |
| **(Plaintiff)** | ) | |
| | ) | |
| **VS.** | ) | **Case #**_____ |
| | ) | |
| **OFFICERS "A" through "F";** | ) | |
| **CITY OF BIRMINGHAM** | ) | |
| **(Defendant).** | ) | |

## COMPLAINT

COMES NOW, Plaintiff, Cordell Mobley, through the undersigned counsel, and asserts the following:

## JURISDICTION

1. Federal subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3), (4) to obtain redress for the deprivation of rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the constitution of the United States pursuant to 42 U.S.C. § 1983.

2. The Plaintiff also invokes supplemental jurisdiction of the Court for state law claims that arise from the same facts and under the same circumstances under 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. 1391, in that the event or occurrence giving ride to the Plaintiff's claims occurred in the Northern District of Alabama, and pursuant to Alabama Code § 6-3-2.

## PARTIES

4. Plaintiff, Cordell Mobley, is an adult resident of Jefferson County, Alabama.

5. Made Defendants herein are:

*Cordell Mobley v. City of Birmingham, et al.*
Bill of Complaint
Page | 2

a. Defendants, Officers "A" through "F", upon understanding and belief, are adult residents residing within the Northern District of Alabama. Defendants are sued in their individual capacity.

b. Defendant, City of Birmingham, is being sued as an entity subject to suit as a person under 42 U.S.C.A § 1983. This entity hires and employs all City of Birmingham, including the personnel of the Birmingham city Police Department.

## FACTUAL ALLEGATIONS

6. On or around May 26, 2015, Cordell Mobley was driving down Terrence Q Avenue when Mobley noticed a police car pass him. The police car was traveling in the opposite direction and upon passing Mobley, the police car performed a U-turn and pulled up behind him. Mobley stopped at the stop sign, took a left on to Avenue Q, came to another stop sign and took a right onto 52nd Street. After he made his right, the police car, who had been following him, turned on his lights and Mobley immediately put on his brakes and pulled his car over in front of a church on 52nd Street.

7. When the officer reached Mobley's vehicle, he asked for Mobley's license and registration, which Mobley produced without issue. The officer went back to his car and when he returned to Mobley, the officer told Mobley that he smelled fresh weed and that he needed Mobley to get out of the car. The officer then placed Mobley in handcuffs, which left marks on his wrists that were visible for several days.

8. After placing Mobley in handcuffs, the officer searched him multiple times. During these searches, the officer grabbed Mobley's private areas and caused significant pain. The officer then put Mobley into his police car and searched Mobley's car.

*Cordell Mobley v. City of Birmingham, et al.*
Bill of Complaint
Page | 3

9.    After a couple of minutes of sitting handcuffed in the back of the police car with no explanation, two (2) other police vehicles arrived and Mobley was taken out of the cop car and searched again while the other officers searched his vehicle from passenger compartment to trunk.

10.    Not only was Mobley embarrassed and humiliated by the unlawful search of his person and his vehicle, the initial responding officer then pulled Mobley's pants down in front of the crowd of people who had gathered to watch. One onlooker who was recording the incident on her cell phone even yelled, "They got the man's pants down." After the three (3) officers failed to uncover any evidence that Mobley was doing anything wrong, the first officer approached Mobley, uncuffed him, and gave him a ticket for failure to stop at a stop sign and told him, "It's your lucky day. I can't even give you a speeding ticket because I don't know how fast you were going."

11.    Later that day, Mobley went to the West Precinct to report the actions of these officers. The sergeant on duty told Mobley that he would look into the incident after reviewing the tape. Two (2) or days later, Mobley talked with someone in the Internal Affairs department who also said they would look into the incident. However, as of today, there has been no update or request from Birmingham Police Department ("BPD") to speak to Mobley regarding the unlawful arrest, assault, harassment, and embarrassment that Mobley was forced to endure at the hands of BPD officers in late May, 2015.

## CAUSES OF ACTION

### COUNT ONE: UNLAWFUL SEARCH AND SEIZURE; 28 U.S.C. § 1983

12.    The Plaintiff adopts and realleges each and every fact in the above-stated paragraphs 1 through 11 of this Complaint, as if set forth verbatim herein.

13.    This claim is brought against Defendant Officers in their individual capacity, the Birmingham Police Department, and the City of Birmingham for violating the Plaintiff's constitutionally guaranteed rights to due process and protection from illegal searches and seizures.

14.    Officers committed an unreasonable and illegal seizure of Mr. Mobley when he stopped Mr. Mobley without probable cause and subsequently strip-searched him in front of members of the public.

15.    As described in the instances above involving the Birmingham Police Department, the city of Birmingham has a long-held custom of and has long been deliberately indifferent to violating its citizens' rights. The Birmingham Police Department has long been improperly managed, and the direct result of the intentional failure to address any of the department's shortcomings with regard to police misconduct are the numerous and well-documented violations of Constitutional rights. The Birmingham Police Department has known of these civil rights violations for years. The long-held custom of violating the civil rights of citizens and the failure to remedy these violations directly resulted in the wrongful arrest of Mr. Mobley.

16.    Defendant officers flouted the constitutional requirements of probable cause by detaining the Plaintiff and seizing the Plaintiff without a discernible reason to do so.

Without a warrant, probable cause, or probable cause in support of an exception to the warrant requirement, no search nor seizure can be performed legally.

17.   As a result of the defendant officers' actions, the Plaintiff was both wrongfully detained against his will and subjected to a public strip search. The effect of the illegal search and the failure of the department to quickly remedy the situation deprived the Plaintiff of his statutory and constitutional rights granted by the Due Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

18.   The effect of the illegal search and seizure, the failure of the Birmingham Police Department to quickly remedy the situation as outlined above, the Birmingham Police Department's longstanding custom of violating citizens' Constitutional rights, and the Birmingham Police Department's deliberate indifference in violating citizens' Constitutional rights all deprived the Plaintiff of his statutory and constitutional rights granted by the Due Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

WHEREFORE, the Plaintiff demands a judgement against the Defendants for all damages, economic and non-economic, past and future, suffered as a result of the Plaintiff's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity of enjoyment of life, medical and psychological treatment expenses, compensatory damages, punitive damages, nominal damages, attorney's fees, and any and all other, further, different, general or special relief as in equity to which said Plaintiff may be entitled.

## COUNT TWO: FALSE IMPRISONMENT; § 6-5-170

19.   The Plaintiff adopts and realleges each and every fact in the above-stated paragraphs 1 through 18 of this Complaint, as if set forth verbatim herein.

20.   On or about the 26th day of May, 2015, Defendant officers unlawfully seized, strip searched, and groped the Plaintiff against his consent.

21.   Defendant Officer's actions of stopping the Plaintiff without probable cause, constituted a wrongful seizure of the Plaintiff. Defendant Officer's illegal stop was the entire basis for the Plaintiff's wrongful detention and search, from which any reasonable person would feel they were not free to leave.

22.   Here, the City of Birmingham and the Birmingham Police Department have a long-held custom of, and have long been deliberately indifferent to, violating its citizens' rights. The department's custom of violating citizens' Constitutional rights has been in place before and since September 13th, 2014, and is widely pervasive as criminal and juvenile cases in both state and city courts are routinely dismissed for Fourth Amendment violations. As such, Defendants City of Birmingham and Birmingham Police Department knew its police department required additional and continuing training, thus showing the lack of training and the knowledge of that lack of training before, at the time of, and after the Plaintiff's rights were violated.

23.   This claim is brought against Defendant Officer in his individual capacity and the City of Birmingham and Birmingham Police Department for violating the Plaintiff's constitutionally guaranteed and protected rights to due process and to be free from false imprisonment.

*Cordell Mobley v. City of Birmingham, et al.*
Bill of Complaint
Page | 7

24.    As a result of Defendant Officers' actions, the Plaintiff was both wrongfully detained and forced to remain where he was stopped in order for the defendant officers to perform an illegal and public strip search. The effect of the wrongful arrest and the failure of the City and the Police Department to quickly remedy the situation as outlined above, deprived the Plaintiff of his statutory and constitutional rights granted by the Due Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

25.    The effect of the false arrest, the failure of the Birmingham Police Department to quickly remedy the situation as outlined above, the City of Birmingham and Birmingham Police Department's longstanding custom of violating citizens' Constitutional rights, and the Birmingham Police Department's deliberate indifference in violating citizens' Constitutional rights all deprived the Plaintiff of his statutory and constitutional rights granted by the Due Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

WHEREFORE, Mr. Mobley demands judgement against the Defendants for all damages, economic and non-economic, past and future, suffered as a result of the Plaintiff's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering, medical treatment expenses, compensatory damages, punitive damages where applicable, nominal damages, attorney's fees, and any and all other, further, different, general or special relief as in equity to which said Plaintiff may be entitled.

## COUNT THREE: ASSAULT AND BATTERY; STATE LAW

26.    The Plaintiff adopts and realleges each and every fact in the above-stated paragraphs 1 through 25 of this Complaint, as if set forth verbatim herein.

27.    This count is brought against the defendant officers in their individual capacity.

28.    Defendant officers committed assault and battery against Mr. Mobley when he stopped Mr. Mobley without articulable, reasonable suspicion or probable cause and then violently frisked the Plaintiff, committing sexual abuse and assault in the process. Under Alabama law, excessive force when effecting a seizure constitutes assault and battery. When probable cause is not present, the use of any force at all is considered excessive in effectuating an unlawful seizure. As discussed in previous sections, the defendant officers lacked reasonable suspicion and probable cause to stop Mr. Mobley. Since the defendants lacked probable cause, the unlawful strip search and genital groping were excessive and considered to be assault and battery under the law. His actions were intentional and reckless, and were without Mr. Mobley's consent. Therefore, those actions rise to the level, at a minimum, of assault and sexual abuse in the third degree.

WHEREFORE, the Plaintiff demands judgment against the Defendant for all damages, economic and non-economic, past and future, suffered as a result of the Plaintiff's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering, loss of the capacity for the enjoyment of life, medical and psychological treatment expenses, the loss of past earnings and employment stemming from the period of confinement, the loss of earning capacity, the ability to earn future wages, compensatory damages, punitive damages where applicable, nominal damages, and any and all other, further, different, general or special relief as in equity to which said Plaintiff may be entitled.

## COUNT FOUR: FAILURE-TO-SUPERVISE/FAILURE-TO-TRAIN

29.   The Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 28 of this Complaint, as if set forth verbatim herein.

30.   This claim is brought against Defendant officers in their individual capacity, the Birmingham Police Department, and the City of Birmingham for violating the Plaintiff's constitutionally guaranteed rights to due process and protection from illegal searches and seizures.

31.   The likelihood for constitutional violations during a stop is so high that the need for training is obvious to both the Birmingham Police Department and City of Birmingham. There is clearly an excessive risk to Birmingham citizens when their police officers are poorly trained.

32.   In order to properly effectuate a legal search and seizure, sufficient training is required. As all properly-trained police officers know, all stops, searches, and seizures are made in anticipation of litigation/prosecution, which requires following the strict mandates of due process.

33.   Here, the City of Birmingham has a long-held custom of, and evidently deliberately indifferent to, violating its citizens' rights. The department's custom of violating citizens' Constitutional rights has been in place before and since the date of this sexual assault, and is widely pervasive as both criminal and juvenile cases in both state and city courts are routinely dismissed for Fourth Amendment violations.

34.   This claim is brought against Birmingham Police Department and the City of Birmingham for violating the Plaintiff's constitutionally guaranteed and protected rights

to due process and to be free from illegal searches, wrongful arrest, and false imprisonment.

35.     As a result of defendant officers' actions, the Plaintiff was both wrongfully stopped and assaulted against his will.   The effect of the wrongful seizure and the failure of the department to quickly remedy policy and training defects prior to the date of the instant sexual assault, deprived the Plaintiff of his statutory and constitutional rights granted by the Due Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

36.     The effect of the wanton failure to train and supervise, the failure of the Birmingham Police Department to quickly remedy the situation as outlined above, the Birmingham Police Department's longstanding custom of violating citizens' Constitutional rights, and the Birmingham Police Department's deliberate indifference in violating citizens' Constitutional rights, all deprived the Plaintiff of his statutory and constitutional rights granted by the Due Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

37.     Due to the lack of training and supervision, Defendant Officers' deliberate indifference to the Plaintiff's constitutional rights and Defendants' Birmingham Police Department and City of Birmingham wanton failure to train or supervise Defendant Officers, as well as the rest of the Birmingham Police Department, is the direct cause of the Plaintiff's harm.

WHEREFORE, the Plaintiff demands judgment against the Defendants for all damages, economic and non-economic, past and future, suffered as a result of the Plaintiff's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering,

loss of the capacity for the enjoyment of life, medical and psychological treatment expenses, the loss of past earnings and employment stemming from the period of confinement, the loss of earning capacity, the ability to earn future wages, compensatory damages, punitive damages against individuals, nominal damages, and any and all other, further, different, general or special relief as in equity said Plaintiff may be entitled.

## COUNT TWO: EXCESSIVE FORCE UNDER THE FOURTEENTH AMENDMENT

38.     The Plaintiff adopts and realleges each and every fact in the above-stated paragraphs 1 through 37 of this Complaint, as if set forth verbatim herein.

39.     This claim is brought against Defendant Officers in their individual capacity, the Birmingham Police Department, and the City of Birmingham for violating the Plaintiff's constitutionally guaranteed and protected rights to be free from excessive force.

40.     The assault of Mr. Mobley at the hands of the Defendant Officers shocks the conscience. The assault stemmed from an unlawful stop that was made without reasonable suspicion and an illegal search without probable cause. Mr. Mobley was then stripped and searched in broad daylight in front of the public, at least one of whom recorded the incident. Officer Hess was using excessive force in a malicious manner, not to further any arrest nor to subdue a hostile suspect.

41.     Officer Hess used excessive force in violation of the Fourteenth Amendment. He was the direct cause of Mr. Mobley's injuries and under an objective standard, any reasonable officer and citizen would find Hess' force to be excessive and illegal, and thus, deprived the Plaintiff of his statutory and constitutional rights granted by the Due

Process Clause, the Fourth Amendment to the United States, and Article I, Sec. 5 of the Constitution of Alabama.

WHEREFORE, Mr. Mobley demands judgement against all Defendants for all damages, economic and non-economic, past and future, suffered as a result of the Plaintiff's physical confinement, bodily injury, emotional distress, mental anguish, pain and suffering, medical treatment expenses, compensatory damages, punitive damages where applicable, nominal damages, attorney's fees, and any and all other, further, different, general or special relief as in equity to which said Plaintiff may be entitled.

## **PRAYER FOR RELIEF**

Based on the legal and factual assertions stated in this complaint, the Plaintiff prays for the following relief:

a) That this Court render a judgment finding the Defendants liable for the aforementioned causes of action;

b) That this Court issue an Order requiring the Defendants to pay the Plaintiff nominal, compensatory, and punitive damages, where applicable;

c) That this Court issue an Order requiring the Defendants to pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing of this action;

d) That this Court grant to the Plaintiff any and all other, further, different, general or special relief as in equity said Plaintiff may be entitled.

*Cordell Mobley v. City of Birmingham, et al.*
Bill of Complaint
Page | 13

## **JURY TRIAL DEMANDED**

Plaintiff requests a trial by jury.

Respectfully submitted this 25th day of May, 2017.

/s/Thomas Putnam
Thomas Putnam

Of Counsel:
The Revill Law Firm
2027 2nd Avenue North, Suite A.
Birmingham, Alabama 35203
T:    (205) 521-9929
F:    (205) 994-6151
Tputnam@revilllawfirm.com


Serve Defendants via Certified Mail at:

Birmingham Police Department
1825 1st Avenue North
Birmingham, Alabama 35203